Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ASTRID SOLIVAN ESPADA<br><br>Recurrida<br><br>v.<br><br>NELSON FONTANEZ LASANTA<br><br>Peticionario | KLCE202500397 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aibonito<br><br>Sobre: Divorcio – Ruptura Irreparable<br><br>Caso Núm.: AI2020RF00240 AI2021CV00158 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2025.

Comparece ante nos el Sr. Nelson Fontánez Lasanta ("señor Fontánez Lasanta o peticionario") para que revisemos la Orden emitida el 9 de febrero de 2025,[1] por el Tribunal de Primera Instancia ("TPI"), Sala Superior de Aibonito. Allí, se declaró *No Ha Lugar* la petición del peticionario para dejar sin efecto la protección de hogar seguro en el caso *AI2020RF00240*. A la moción de reconsideración, el 4 de marzo de 2025 el TPI expresó: *"NADA QUE PROVEER. VÉASE DETERMINACIÓN DEL 9 DE FEBRERO DE 2025,"[2]*

Aunque el recurso fue presentado como una apelación, lo acogimos como un *certiorari*.[3]

Por los fundamentos que se exponen a continuación, **denegamos** el *certiorari* epígrafe. **Veamos.**

---

[1] Notificada el 11 de febrero de 2025.
[2] Notificada el 7 de marzo de 2025.
[3] Conforme a la instrucción a la secretaria de este Tribunal le fue asignado el número alfanumérico correspondiente.

Número Identificador
RES2025_____

**-I-**

El matrimonio habido entre las partes de epígrafe fue disuelto mediante *Sentencia* el **27 de enero de 2021** en el caso *AI2020RF00240*.[4] Entre otras determinaciones, se estableció que la residencia ubicada en la Carr.723, km 1.2 Interior, Barrio Asomante de Aibonito, Puerto Rico, sería el hogar seguro en beneficio de la hija menor de edad.[5]

El **3 de mayo de 2021**, la Sra. Astrid Solivan Espada ("señora Solivan Espada" o "recurrida") incoó una acción de liquidación de bienes gananciales contra el peticionario —*AI2021CV00158*—.[6] Como parte de los bienes gananciales incluyó el inmueble residencial ubicado en la *Carr. 723, km 1.2 Interior, Lote 14, Aibonito, PR 00705*.[7] Además, incluyó como parte de las deudas el préstamo hipotecario que grava dicha propiedad e hizo referencia al decreto de hogar seguro.[8]

Mediante *Orden* emitida y notificada el **13 de mayo de 2021**, el caso —*AI2021CV00158*— fue trasladado a la Sala Superior de Comerío.[9]

El **25 de enero de 2025** el peticionario presentó —**en el caso divorcio *AI2020RF00240***— una solicitud para que se eliminara la protección de hogar seguro declarada sobre la propiedad.[10] En esencia, adujo que las acciones de la recurrida iban dirigidas a la liquidación de la propiedad cubierta por la protección de hogar seguro, lo que constituía una renuncia. Por su parte, la recurrida se opuso a que se eliminara la protección de hogar seguro.[11]

---

[4] Notificada el 2 de febrero de 2021.; Apéndice V del Peticionario, págs. 8 – 9.
[5] Apéndice V del Peticionario, pág. 8.
[6] Apéndice VI del Peticionario, págs. 10 – 13.
[7] *Íd.*, pág. 11.
[8] *Íd.*, pág. 12.
[9] Apéndice VII del Peticionario, pág. 14.
[10] Apéndice IV del Peticionario, págs. 6 – 7.
[11] Apéndice VIII del Peticionario, págs. 15 – 18.

Trabada ahí la controversia, el **9 de febrero de 2025** el TPI emitió una Orden —**en el caso divorcio *AI2020RF00240*—** denegando la petición del peticionario.[12] Inconforme, solicitó una moción reconsideración,[13] sin embargo, el **4 de marzo de 2025** el foro *a quo* determinó: *"NADA QUE PROVEER. VÉASE DETERMINACIÓN DEL 9 DE FEBRERO DE 2025.".*[14]

En el interín, el **7 de febrero de 2025** la recurrida solicitó que —**en el caso de liquidación de bienes *AI2021CV00158*—** se tomara conocimiento judicial de la sentencia de divorcio y la declaración de hogar seguro habida en el caso *AI2020RF00240*.[15] Adujo, entre otras cosas, que existe un derecho a hogar seguro y que no había sido renunciado a ese derecho.

Ante ello, el **7 de febrero de 2025**,[16] —**en el caso de liquidación de bienes *AI2021CV00158*—** el TPI resolvió que la propiedad bajo hogar seguro no podía ser considerada como parte del inventario a ser disuelto mientras subsistiera dicha condición.[17] Sin embargo, el peticionario presentó una *MOCIÓN EN TORNO A OTRA Y/O SOLICITUD DE RECONSIDERACIÓN.*[18] En resumen, alegó que la acción de la recurrida en incluir de la residencia, la hipoteca que la grava y su valor, constituye una renuncia al derecho de hogar seguro.

Mediante *Resolución Interlocutoria* emitida el **26 de febrero de 2025**,[19] —**en el caso de liquidación de bienes *AI2021CV00158*—** el TPI resolvió:

> *"Enterado. <u>Hasta que no se disponga otra cosa sobre la determinación de hogar seguro, se mantiene la resolución emitida</u>. Deben mantener al Tribunal*

---

[12] Notificada el 11 de febrero de 2025.; Apéndice III del Peticionario, pág. 5.
[13] Apéndice II del Peticionario, págs. 2 – 4.
[14] Notificada el 7 de marzo de 2025.; Apéndice I del Peticionario, pág. 1.
[15] Apéndice IX del Peticionario, págs. 19 – 24.
[16] Notificada el 10 de febrero de 2025.
[17] Apéndice X del Peticionario, págs. 25 – 26.
[18] Apéndice XI del Peticionario, págs. 27 – 29.
[19] Notificada el mismo día.

*informado sobre la determinación con relación a la petición efectuada en el Tribunal de Aibonito".*[20]

Inconforme el señor Fontánez Lasanta compareció el **4 de abril de 2025** ante este Foro intermedio y señaló la comisión de tres (3) errores:

> **PRIMER ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE AIBONITO AL MANTENER EL DERECHO A HOGAR SEGURO EN UNA RESIDENCIA QUE LA BENEFICIARIA INCLUYÓ COMO BIEN INVENTARIADO Y VALORIZADO EN LA LIQUIDACIÓN DE BIENES ANTE OTRA SALA.*
>
> **SEGUNDO ERROR:** *ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE AIBONITO, AL MANTENER EL DERECHO A HOGAR SEGURO EN UNA RESIDENCIA Y NO DETERMINAR QUE CONSTITUYE UNA RENUNCIA AL DERECHO DE HOGAR SEGURO QUE LA BENEFICIARIA INCLUYA DICHA PROPIEDAD COMO PARTE DE LOS BIENES EN EL INVENTARIO DE LA LIQUIDACIÓN DE BIENES EN COMUNIDAD POST GANANCIAL.*
>
> **TERCER ERROR:** *ERRÓ EL TRIBUNAL DE [P]RIMERA INSTANCIA, SALA SUPERIOR DE AIBONITO, AL NO CELEBRAR UNA VISTA EVIDENCIARÍA PARA DETERMINAR SI SUBSISTE EL DERECHO DE HOGAR SEGURO O SI CONSTITUYÓ UNA RENUNCIA AL DERECHO A HOGAR SEGURO INCLUIR LA PROPIEDAD EN EL INVENTARIO DE BIENES DE LA LIQUIDACIÓN DE BIENES POST GANANCIALES.*

El **7 de mayo de 2025**, la señora Solivan Espada sometió el escrito intitulado: *"ALEGATO DE LA APELADA"*. Con el beneficio de la comparecencia de las partes, damos por sometido el asunto.

-II-

-A-

El recurso de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[21] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[22]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

---

[20] Apéndice XII del Peticionario, pág. 30.
[21] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[22] *García v. Asociación,* 165 DPR 311, 321 (2005).

*[E]l recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. […].*[23]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

(A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
(B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
(C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
(D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
(E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
(F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
(G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[24]

Consecuentemente, el Tribunal Supremo de Puerto Rico ha dispuesto que:

*[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[25]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales

---

[23] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1.
[24] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[25] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992).; *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[26]

**-III-**

En esencia, el señor Fontánez Lasanta nos plantea que el TPI erró al mantener el derecho a hogar seguro aun cuando la señora Solivan Espada incluyó dicha propiedad en la liquidación de bienes post gananciales.

La *Orden* recurrida no constituye ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* para que intervengamos con esta. Todavía más, estamos ante una decisión que refleja el claro ejercicio de discreción conferido a los tribunales de primera instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. Por lo cual, no encontramos que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Por lo que somos del criterio que el foro *a quo* no abusó de su discreción ni actuó irrazonablemente. En el ejercicio de la discreción que nos permite la citada Regla 40 del Tribunal Apelaciones, no intervendremos con la *Orden* recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición de auto de *certiorari.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).